IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Alberto Sanchez-Partida,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Warden Dunbar,<br><br>　　　　　Respondent.<br>_____ | Civil Action No. 6:23-1219-BHH<br><br>**ORDER** |

This matter is before the Court on Petitioner Mario Alberto Sanchez-Partida's ("Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On May 1, 2023, Magistrate Judge Kevin F. McDonald filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this § 2241 petition without prejudice, without leave to amend, and without requiring Respondent to file a response based on Petitioner's failure to exhaust his available administrative remedies. Attached to the Report was a notice advising Petitioner of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this § 2241 petition is subject to summary dismissal based on Petitioner's failure to exhaust his administrative remedies.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 11) and hereby dismisses this action without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 22, 2023
Charleston, South Carolina